UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-11170-JLS-PVC						Date: February 17, 2025
Title:  Krikor Sandjian et al v. Mercedes-Benz USA, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE RE REMAND**

Plaintiffs Krikor Sandjian and Taney Sandjian filed this lemon law action in Los Angeles Superior Court on November 25, 2024.  (Ex. A to Notice of Removal ("NOR"), Compl., Doc. 1.)  Defendant Mercedes-Benz USA, LLC removed on December 27 , 2024, invoking this Court's federal question jurisdiction.  (NOR ¶ 4.)

As the party invoking the removal jurisdiction of this Court, Defendant bears "the burden of establishing federal jurisdiction." *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  "Subject matter jurisdiction may not be waived, and ... the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

Defendant asserts in its Notice of Removal that the Court has federal question jurisdiction because Plaintiffs' fifth claim "arises under the Federal Magnuson-Moss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-11170-JLS-PVC                                                                    Date: February 17, 2025
Title:  Krikor Sandjian et al v. Mercedes-Benz USA, LLC et al

Warranty Act, 15 U.S.C. § 2301 *et seq.*"  (NOR ¶ 4; *see also* Compl. ¶¶ 25–45.)  To trigger the Court's federal question jurisdiction under the Magnuson-Moss Warranty Act, the amount-in-controversy must be equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit."  15 U.S.C. § 2310(d)(3)(B); *see also Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005).

   Courts evaluate the amount-in-controversy under the Magnuson-Moss Warranty Act as they evaluate the diversity jurisdiction requirement of 28 U.S.C. § 1332.  *See Romo*, 397 F. Supp. 2d at 1240 ("There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for the statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332.").  In removals based on § 1332, where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal."  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023).  "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court.*"  *Id.* (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S 81, 87 (2014)).

   Here, the amount-in-controversy is unclear from the face of Plaintiffs' Complaint as Plaintiffs state that they seek damages exceeding $35,000.  (*See* Compl.; *see also* Ex. A to NOR at 19.)  Thus, Defendant must "mak[e] a plausible assertion of the amount at issue in its notice of removal."  *Moe*, 73 F.4th at 761.  Because the Magnuson-Moss Warranty Act does not "specify the appropriate measure and type of damages that are available" many courts, "including the Ninth Circuit … turn[] to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy."  *Romo*, 397 F. Supp. 2d at 1239; *see also Lopez v. Kia*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-11170-JLS-PVC                                                         Date: February 17, 2025
Title:  Krikor Sandjian et al v. Mercedes-Benz USA, LLC et al

*Am., Inc.*, 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023).  The applicable state warranty law here appears to be the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.  See Romo*, 397 F. Supp. 2d at 1239–40.

Under the Song-Beverly Act, actual damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1); *see also* Cal. Civ. Code § 1793.2(d)(2). "The Act provides a specific formula to calculate this reduction based on the vehicle's mileage prior to the buyer first delivering it for repair." *Niedermeier v. FCA US LLC*, 56 Cal. App. 5th 1052, 1065 (2020).  The Ninth Circuit has explained that "consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy because "an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable." *Schneider v. Ford Motor Co.*, 756 F. App'x. 699, 701 n.3 (9th Cir. 2018) (internal quotation marks and citation omitted.)

Defendant contends that Plaintiffs suffered actual damages in an amount that "exceeds $50,000." (NOR ¶ 8.)  Defendant's claim is based in part on the value of the subject vehicle: $30,981.  (*Id.* ¶ 9.)  However, damages under the Song-Beverly Act are calculated based on the amount actually paid by the buyer.  *See* Cal. Civ. Code § 1793.2(d)(1).  Plaintiffs' Lease Agreement contemplates total payment in an amount of $15,218.25—far below the amount-in-controversy threshold.  (Ex. B to NOR, Lease Agreement, at 32.)  Moreover, Defendant has not applied any reduction for the mileage use offset, as mandated by the Song-Beverly Act.  Nor has Defendant provided any facts or evidence regarding the mileage attributable to Plaintiff from which the Court might estimate the use offset in this case.  Absent such information, Defendant's actual damages calculations are speculative and unsupported.  *See Bae v. Ford Mot. Co.*, 2021 WL 5299242, at *2 (C.D. Cal. Nov. 12, 2021) (Staton, J.) (finding the amount in controversy was not satisfied given defendant's failure to consider the use-offset amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-11170-JLS-PVC | Date: February 17, 2025 |
| Title:  Krikor Sandjian et al v. Mercedes-Benz USA, LLC et al | |

in calculating actual damages); *see also Berger v. Mercedes-Benz USA, LLC*, 2021 WL 3013915, at *2 (C.D. Cal. July 15, 2021) (similar).

    While Defendant states that Plaintiffs' demand for civil penalties "puts the amount in controversy well over the $50,000" requirement (NOR ¶ 11), "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022).  Rather, "[t]o satisfy its burden, the removing party must make some effort to justify the assumption by, for example, pointing to allegations in the complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Id.* (internal citation and quotation omitted). Defendant has made no such effort here.  (*See* NOR ¶ 11.)  Moreover, because Defendant's actual damages calculations are uncertain for the reasons discussed above, any attempt to determine civil penalties is equally uncertain as such penalties under the Song-Beverly Act are based on actual damages.  Cal. Civ. Code § 1794(c); *see also Young v. FCA US LLC*, 2021 WL 5578723, at *2 (C.D. Cal. Nov. 30, 2021) (Staton, J.).

    For these reasons, Defendant has failed to demonstrate that the amount-in-controversy meets the jurisdictional threshold.  Defendant is therefore ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why the Court should not remand this action to Los Angeles County Superior Court.  Plaintiff has **seven (7) days** thereafter to submit any response.  No further briefing is permitted. Following submission of the parties' briefing, which shall not exceed **five (5) pages**, excluding any declaration(s), the matter will be deemed under submission and the Court will thereafter issue an order.

    Initials of Deputy Clerk: kd